IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD PATE, JR., | ) | CASE NO. 1:13 CV 125 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| CHRISTOPHER LaROSE, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of Donald Pate, Jr. seeking a writ of habeas corpus under 28 U.S.C. § 2254.[2] Pate is currently incarcerated by the State of Ohio at the Ross Correctional Institution in Chillicothe, Ohio.[3] Pate is serving an aggregate term of 13 years in prison, with a five-year period of post-release control, imposed by the Cuyahoga County Court of Common Pleas at a 2011 re-sentencing following a remand from

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge James G. Carr in a non-document order entered March 19, 2013.

[2] ECF # 1.

[3] Pate was incarcerated at the Trumbull Correctional Institution at the time the petition was filed. ECF # 1 at 1. He has since been transferred to the Ross Correctional Institution. ECF # 13.

the appeals court upholding Pate's 2010 conviction at a jury trial of one count of aggravated robbery, with firearm specifications.[4] He asserts four grounds for habeas relief.[5]

The State contends, *inter alia*, that Pate's petition should be dismissed as untimely.[6] Pate has filed a traverse. For the reasons to be set forth below, I will recommend that the petition be dismissed as untimely.

## Facts

Because I will recommend dismissing the petition as untimely, I will set forth only the facts relevant to evaluating the timeliness of the petition.

### A.    Indictment, trial, and sentence

This matter arises out of an armed robbery of two women who were returning home from an evening out.[7] As found by the state appeals court,[8] Pate approached one of the two

---

[4] *See*, ECF # 8-1 (state court record), at 4, 781. Pate was initially convicted of robbery and aggravated robbery, both with gun specifications. On the initial appeal, the appeals court held that the charges should have been merged, and remanded for re-sentencing on only one charge. At re-sentencing, Pate was sentenced as stated based on his conviction for aggravated robbery, with a gun specification.

[5] ECF # 1 at 5, 7, 8, 10.

[6] ECF # 7 at 15-18. The State also alternatively argues that all four claims are procedurally defaulted. As will be explained below, I will recommend dismissing the petition as untimely and not address the alternative grounds for dismissal.

[7] ECF # 8-1, at 1 (Ohio appeals court opinion).

[8] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

-2-

women from behind while the other was attempting to open the door to her home.[9] Pate pressed a gun to the woman's head and told her to "give me your purse or I'll blow your brains out."[10] After a brief struggle, Pate fled with the purse.[11] When police responded to a call identifying a robber wearing a gray sweatshirt and camouflage jacket, they found Pate crouching near a fence clutching a purse and dressed as the witnesses described the assailant.[12] Police arrested Pate and recovered the purse he was observed to throw over a fence.[13] The two women involved identified Pate as the robber at a cold-stand immediately after his apprehension by police, and the victim also identified the purse recovered from where Pate had thrown it as the one belonging to her.[14]

       Pate was indicted on one count of aggravated robbery and one count of robbery, with both offenses containing a firearm specification.[15] After a series of pretrial motions, Pate was

---

[9] ECF # 8-1, at 2.

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*, at 5, 6.

convicted at a jury trial of both counts,[16] and on July 6, 2010, was sentenced to an aggregate term of 13 years in prison.[17]

**B.    Direct appeal**

On July 7, 2010, Pate, with different counsel,[18] then timely[19] appealed,[20] raising the following three assignment of error:

1.    Appellant's convictions for gun specifications were against the manifest weight of the evidence because lay witness testimony did not satisfy the prosecution's burden of proof.[21]

2.    The prosecution committed misconduct because it limited the jury's power of examination by comments made during closing arguments.[22]

3.    Defense counsel was ineffective because it failed to object to the prosecution's improper jury instruction during closing arguments.[23]

---

[16] *Id.*, at 16.

[17] ECF # 8-4, at 627.

[18] *See*, ECF # 7 at 3.

[19] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See also*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007).

[20] ECF # 8-4, at 628.

[21] *Id.*, at 640.

[22] *Id.*, at 645.

[23] *Id.*, at 648.

After a series of filings,[24] including Pate's submission of a supplemental *pro se* brief,[25] the Ohio appeals court on April 7, 2011, partially affirmed judgment of the trial, but remanded the matter for re-sentencing on the basis that there should have been a merger of the offenses of robbery and aggravated robbery.[26] As the State observes, the time for filing a timely appeal of this decision expired 45 days later, or on May 23, 2011.[27]

On July 13, 2011 – or 51 days after the 45-day appeals period had expired – Pate, *pro se*, filed a motion for leave to file a delayed appeal with the Supreme Court of Ohio.[28] On August 24, 2011, the Ohio Supreme Court denied the motion.[29]

**C.    Untimely Appellate Rule 26(B) application to reopen the appeal**

Almost immediately after the Ohio Supreme Court denied his motion for a delayed appeal, Pate, *pro se*, filed a motion on September 14, 2011, to reopen his appeal on the grounds that his appellate counsel was ineffective.[30] On October 5, 2011, the Ohio appeals

---

[24] *Id.*, at 652, 655, 680.

[25] *Id.*, at 684.

[26] ECF # 8-1, at 1.

[27] ECF # 7 at 5. The 45-day period actually expired on Sunday May 22, 2011, but because that day was on a weekend, the date was extended to the next weekday.

[28] ECF # 8-4, at 720, 723.

[29] *Id.*, at 744.

[30] *Id.*, at 745.

court found the application was untimely and did not meet the "good cause" requirement for filing a delayed petition for reopening and so denied the untimely application.[31]

Pate, *pro se*, appealed this denial to the Ohio Supreme Court,[32] which dismissed the appeal on February 1, 2012.[33]

**D.      Re-sentencing**

While the appeals concerning the original appellate decision were pending, Pate was re-sentenced by the trial court according to that decision on May 10, 2011.[34] Pate timely filed an appeal from the re-sentencing[35] but then failed to file any assignments of error. Consequently, on September 1, 2011, the Ohio appeals court dismissed this appeal for failing to comply with the applicable rules.[36] Pate did not appeal this decision.[37]

---

[31] *Id.*, at 758.

[32] *Id.*, at 760.

[33] *Id.*, at 780.

[34] *Id.*, at 781. Pate received exactly the same sentence as previously, but the sentence was only for Pate's conviction on the single count of aggravated robbery.

[35] *Id.*, at 782.

[36] *Id.*, at 789.

[37] *See*, ECF # 7 at 8.

### E.    Postconviction

Also while the original direct appeal was pending, Pate, *pro se*, on December 16, 2010, filed a postconviction motion in the trial court to vacate or set aside the judgment.[38] After responses by the State,[39] the trial court denied Pate's petition on August 23, 2011.[40] There was no appeal from this decision.[41]

Over a year later, on October 1, 2012, Pate filed a second petition for postconviction relief with the trial court.[42] The State opposed the petition as untimely.[43]

### F.    Federal habeas petition

Pate filed the present petition for federal habeas relief on January 9, 2013.[44] In the petition, Pate asserts the following four grounds for relief:

---

[38] ECF # 8-4, at 790.

[39] *Id.*, at 804, 816.

[40] *Id.*, at 821.

[41] *See*, ECF # 7 at 9.

[42] ECF # 8-4, at 822.

[43] *Id.*, at 839. A check of the docket of the Cuyahoga County Court of Common Pleas (http://cpdocket.cp.cuyahogacounty.us) on August 27, 2014, shows the State's motion in opposition is the last filing in this matter, and so it remains open.

[44] ECF # 1 at 15. Pate stated that he placed the petition into the prison mail system on this date, and, under *Houston v. Lack*, 487 U.S. 266, 270 (1988), this is the date the petition is deemed to have been filed, although it was not actually docketed by this Court until January 17, 2013.

**GROUND ONE:** "95382 Application for reopening the ineffective of assistance of appellate counsel because appellate counsel assign as error."

**Supporting facts:** "The cold stand during which the victims identified Pate was unduly suggestive. During Pates arrest and trial the victim stated her way of identifing me was do to the arresting officer telling her they retreived her property off my person."[45]

**GROUND TWO:**

**Supporting facts:** "Pate claims that the state failed to provide evidence to prove that he had an operable gun on his person at the time of the robbery. During trial the victim stated she didn't know if the object she saw was a gun. The police stated during trial that they never saw a gun and they comb the area of my escape path 3 or 4 times back and forth and never found a gun."[46]

**GROUND THREE:**

**Supporting facts:** "Pate argues that prosecution committed misconduct when it made committed misconduct during closing argument regarding the firearm specification. During closing prosecution made comments to the jury stating just because a gun wasn't found doesn't mean Mr. Pate didn't committ the robbery without a gun."[47]

**GROUND FOUR:**

**Supporting facts:** "Pate argues that he received ineffectiveness of counsel because his counsel failed to object to the prosecution improper jury instruction during closing arguments. During closing argument the prosecution made improper jury instruction and my counsel failed to object because he has a sleeping disorder and he dozed of at the time of the instruction."[48]

---

[45] ECF # 1 at 5.

[46] *Id.* at 7.

[47] *Id.* at 8.

[48] *Id.* at 10.

The State maintains that this petition is untimely.[49] Further, the State notes that Pate's conviction became final with his re-sentencing on May 10, 2011.[50] But the one-year habeas limitations period was tolled by Pate's timely appeal of that re-sentencing and remained tolled through the time for filing an appeal to the Ohio Supreme Court 45 days after the September, 2011, decision of the Ohio appeals court – or on October 17, 2011.[51] Thus, Pate's one-year habeas clock began on October 18, 2011.

The State further observes that Pate's September 14, 2011, application to re-open his appeal would not have tolled the running of the statute because that application was not properly filed.[52] Similarly, Pate's first postconviction petition, which was denied in August, 2011, does not factor into the limitations period because it was resolved during the time the direct appeal otherwise tolled the limitations period.[53]

Thus, the State argues, 349 days of the one-year period elapsed between its commencement on October 18, 2011, and October 1, 2012, when Pate filed his second postconviction petition. The State notes that only properly filed postconviction proceedings can toll the limitations statute, and in Ohio a postconviction petition must be filed within

---

[49] ECF # 7 at 9.

[50] *Id.* at 16.

[51] *Id.*

[52] *Id.*

[53] *Id.*

180 days of when the trial transcript is filed in the court of appeals in the direct appeal.[54]
Here, the transcript of the re-sentencing was filed in the appeals court on June 24, 2011, but
Pate did not file his second postconviction motion until October 1, 2012 – or well over one
year later.[55]

Accordingly, the State contends, although the second postconviction motion has not
yet been ruled on by the Ohio trial court, Pate's motion was clearly untimely and so should
not toll the running of the federal limitations period, which had only 16 days remaining in
it on October 1, 2012.

In sum, the State asserts, the limitations period ended on October 16, 2012, and Pate
did not file the present petition for habeas relief until January 9, 2013 – or well beyond the
one-year period allowed by statute.[56]

Moreover, the State observes that although equitable tolling is available to habeas
petitioners, Pate has not shown how he meets the two-part test of (1) pursuing his rights
diligently, but (2) some external circumstance stood in his way and prevented timely filing.[57]

---

[54] *Id.* at 16-17.

[55] *Id.* at 17.

[56] *Id.*

[57] *Id.* (citing *Hall v. Warden, Lebanon Corr. Inst*., 662 F.3d 745, 749 (6th Cir. 2011) (internal quotation omitted)).

As noted, Pate filed a traverse.[58] But in his traverse Pate does not challenge the State's computation of the limitations period, which shows the petition to be untimely, nor does he offer any basis entitling him to equitable tolling. Instead, his petition makes only arguments addressed to his grounds for relief.[59]

## Analysis

### A.     Relevant law

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[60] a person in custody under a judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[58] ECF # 9.

[59] Pate does not acknowledge or address the State's alternative argument that all four grounds for relief are procedurally defaulted. Because I recommend that the petition be dismissed as untimely, I also do not address the procedural default argument.

[60] Pub. L. No. 104-132, 110 Stat. 1214.

-11-

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[61]

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a "properly filed" application for state postconviction relief or other collateral review. A state application for postconviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing.[62] State postconviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2).[63]

"The tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run."[64] Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar.[65]

---

[61] 28 U.S.C. § 2244(d)(1).

[62] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

[63] *See*, *Allen v. Seibert*, 552 U.S. 3, 5-6 (2007) (per curiam); *see also*, *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003).

[64] *Vroman*, 346 F.3d at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

[65] *Id.*

Moreover, the AEDPA's statute of limitations is subject to equitable tolling,[66] "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control."[67] Equitable tolling is granted "sparingly."[68] A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing."[69] Although the Sixth Circuit previously used a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland v. Florida's* two-part test has replaced the five-factor inquiry as the "governing framework" to apply.[70]

## B.    Application of relevant law

As discussed above, this petition should be dismissed as untimely. The computation of the one-year limitations period set forth above – and which Pate has not disputed in his traverse – shows that only 16 days remained in his one-year period when he filed his second postconviction petition on October 1, 2012. Thus, the only issue before this Court is whether Pate's second postconviction petition – which the State maintains was untimely filed and so

---

[66] *See*, *Holland v. Florida*, 560 U.S. 631, 646 (2010).

[67] *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), cert. denied, 133 S. Ct. 187 (2012).

[68] *Id.* (quoting *Robertson*, 624 F.3d at 784).

[69] *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also*, *Pace*, 544 U.S. at 418.

[70] *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling*, 424 F. App'x 439, 442 n.1 (6th Cir. 2011), cert. denied, 132 S. Ct. 456 (2011)).

should not toll the federal limitations period – should be held to toll the limitations period in the absence of a final ruling on that petition by the Ohio trial court.

The present situation is analogous to the one recently presented to Magistrate Judge White in *Scott v. Gansheimer*.[71] In a Report and Recommendation adopted by Judge Zouhary, Scott had filed a state postconviction motion that, if properly filed, might have tolled the limitations period, but the Ohio courts had not ruled on that petition at the time the federal habeas petition was being adjudicated. Magistrate Judge White found: (1) that Scott's postconviction petition was not timely filed under Ohio law; (2) that under "well-established" Ohio law, when a trial court fails to rule on a motion, it will be presumed that it overruled it; and (3) that because the postconviction motion was not properly filed under Ohio law, as was so determined by the state court when it overruled it, the federal habeas court can find that it does not serve to toll the federal habeas limitations period.[72]

Similarly, in this case, Pate filed his postconviction motion of October 1, 2012, outside of the time allowed by Ohio law, as was outlined above. Under Ohio law, and under the teaching of *Scott*, this Court may presume that the state trial court's failure to rule on Pate's motion – which, as noted, was opposed by the State on grounds of untimeliness – is

---

[71] *Scott v. Gansheimer*, No. 4:10CV2722, 2012 WL 685282 (N.D. Ohio 2012); adopted by, *Scott v. Gansheimer*, No. 4:10CV2722, 2012 WL 685255 (N.D. Ohio 2012).

[72] *Scott*, 2012 WL 685282, at *6 (citations omitted); *see also*, *Curry v. Warden, Ohio State Penitentiary*, No. 1:10-cv-247, 2011 WL 335665, at *6 (S.D. Ohio Jan. 4, 2011) (citations omitted) ("[w]hen a[n] Ohio] trial court fails to rule upon a motion, it will be presumed that it was overruled.").

-14-

to be understood as overruling that motion and so as a finding that it was not properly filed. Thus, under the clear teaching of the Supreme Court, cited above, that untimely-filed state postconviction petitions do not toll the habeas limitations period, Pate's October 1, 2012, improperly-filed postconviction petition does not toll the habeas limitations period in his case, and so his petition for habeas relief is untimely filed.

As noted above, Pate offers no argument that he satisfies the requirements for equitable tolling of the time bar. Further, any review of the record discloses none.

## Conclusion

For the reasons stated above, I recommend finding that the petition of Donald Pate, Jr. for a writ of habeas corpus is untimely filed and so should be dismissed.

Dated: September 8, 2014                              s/ William H. Baughman, Jr.
                                                       United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[73]

---

[73] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

-15-